# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD R. PEVIA, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-17-2798 |
| FRANK K. BISHOP, | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM

The self-represented plaintiff, Donald R. Pevia, is an inmate at North Branch Correctional Institution. He has filed a civil rights suit under 42 U.S.C. § 1983 (ECF 1), supported by exhibits. The suit is rooted in a First Amendment claim for violation of Pevia's right to practice his religion. *Id.* at 3.

Pevia has now filed a Motion for Discovery (ECF 18) and a Motion For Appointment of Counsel. ECF 19. He indicates that he needs additional discovery to support his First Amendment claim and asks that he be provided discovery materials before the court makes a decision as to defendant's pending Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF 13). Plaintiff has opposed that motion. ECF 17.

In support of plaintiff's request for discovery, he states that discovery will verify his claim and demonstrate that "the Housing Unit was **NOT** locked down." ECF 18 at 1 (emphasis in original). He specifies that the materials he seeks are: "1. Housing Unit #2, Tier log sheet for D-Tier from August 10, 2016-October 21, 2016, 2. Housing Unit #2 Tier log sheet for A and B tier from October 21, 2016 thru December 31, 2016." *Id*. at 1-2.

In Pevia's Affidavit attached to the discovery motion (ECF 18-1), he characterizes

defendant's argument in support of his motion for summary judgment as being that plaintiff was denied access to religious programming due to NBCI's Housing Unit 2 being on lock down. *Id.* at 1. Plaintiff disputes that the unit was on lock down and notes that the housing unit received regular, daily recreation. *Id*. But, he concedes that he has submitted a substantial number of affidavits from Native American inmates and other religious service inmates who support his claims. *Id.* But, he indicates his belief that the requested material will further show regular institutional movements, in support of his claims. *Id.*

Federal Rule of Civil Procedure 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> 
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011). *See Putney v. Likin*, 656 Fed. App'x 632, 638-40 (4th Cir. 2016) (per curiam); *McCray v. Maryland Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its

opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

Although plaintiff has filed an Affidavit in support of his motion, he has failed to explain how the requested material is necessary to his claim. This case concerns plaintiff's allegations that a settlement agreement entered into between plaintiff and the Department of Public Safety and Correctional Services was breached, and his First Amendment rights were violated when he was not able to participate in religious services. In response to administrative remedy requests filed by plaintiff, the institution indicated that he was denied access to religious programming because the facility was on modified lock down. *See*, *e.g.*, ECF 1-1 at 7 (stating that as to the three weeks plaintiff complained about lack of religious services, "the institution was on modified movement for security reason, in which the entire HU#2 inmate population could not attend religious services.")

As plaintiff notes, in support of his claim, he has provided numerous affidavits from other inmates denying the institution was on lock down during the time specified by plaintiff. *See* ECF 17-1 at 2-5. Plaintiff has also provided a daily inmate pass sheet issued during the time in question. ECF 17-1 at 1. Certainly, plaintiff has access to his own observations and recollections regarding the lock down of the facility or housing tiers and may draw on those to provide his own Affidavit in support of his claims. In light of the foregoing, it does not appear that the requested material is necessary to refute the pending dispositive motion. As such, the request for discovery is denied. However, plaintiff may file a supplemental opposition, as set forth in the attached Order.

Also pending is plaintiff's motion for appointment of counsel. ECF 19. A self-represented prisoner does not have a general right to counsel in a § 1983 action. *Evans v.*

*Kuplinski*, 713 Fed. Appx. 167, 170 (4th Cir. 2017). A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and an indigent claimant must present "exceptional circumstances." *Id.* at 170; *see Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (concluding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989).

Upon careful consideration of the motions and previous filings by plaintiff, the court finds that he has demonstrated the wherewithal either to articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. Further, the issues pending before the court are not unduly complicated. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under §1915(e)(1).

In light of the foregoing, plaintiff shall be provided an additional 21 days from the date of this Order to file any additional opposition to the pending dispositive motion.

An Order follows.

Date: July 20, 2018                                              /s/
                                                        Ellen L. Hollander
                                                        United States District Judge